39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick L. ROBERTS, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 93-17266.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Oct. 28, 1994.
 
 Before: SCHROEDER, FERGUSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frederick L. Roberts, a California state prisoner, appeals the district court's denial of his habeas corpus petition, 28 U.S.C. Sec. 2254, challenging his conviction for first degree murder, Cal.Penal Code Secs. 187, 189. Roberts argues that the evidence was insufficient to sustain his conviction and that he was denied due process by the trial court's failure to give an implied malice second-degree murder instruction. We affirm.
 
 
 3
 * We must first decide whether we have jurisdiction, because California argues that Roberts filed his notice of appeal more than 30 days after the district court entered its order on the civil docket. However, as the time period under Fed.R.App.P. 4(a) "begins to run only by the entry of a 'judgment ... set forth on a separate document,' " McCalden v. California Library Ass'n, 955 F.2d 1214, 1218 (9th Cir.1990) (quoting Fed.R.Civ.P. 58) (alteration in original), cert. denied, 112 S.Ct. 2306 (1992), and the district court never entered judgment on its order on a separate document, the 30-day clock did not start before the appeal was noticed. We therefore have jurisdiction.
 
 II
 
 4
 Roberts argues that the evidence was insufficient under Jackson v. Virginia, 443 U.S. 307 (1979), to convict him of first degree murder by lying-in-wait. Roberts claims that the evidence shows no more than his fleeing from Stephens and, in a moment of panic, firing a shot, and that the evidence therefore is insufficient to show that he concealed his presence to put himself in a position of advantage relative to Stephens. See People v. Edelbacher, 254 Cal.Rptr. 586, 608-09 (1989). We agree with the district court that since Roberts had not disputed the sufficiency of the evidence that supported his conviction under a premeditation theory, upon which the jury also was instructed, his claim based on insufficiency of the lying-in-wait evidence must fail. Griffin v. United States, 502 U.S. 46 (1991).
 
 
 5
 Roberts's attempt to distinguish Griffin on the footing that the jurors returned a finding of "not true" on the special circumstance allegation that he "intentionally killed" Stephens while the officer was engaged in the course of his duties is unpersuasive. The verdict on special circumstances has to do with the death penalty, which is based on different considerations from the verdict on guilt or innocence. In any event, the evidence on premeditation, which concededly is sufficient to support Roberts's first degree murder conviction, also entails an intentional act.
 
 III
 
 6
 Roberts argues that the trial court committed constitutional error by not instructing the jury on implied malice second-degree murder, CALJIC 8.31. California argues that Roberts procedurally-defaulted this claim by not presenting it on his direct appeal to the California Supreme Court. We assume that the claim was adequately presented, but hold that the trial court's failure to instruct on the lesser-included offense of unintentional but malicious second degree murder did not violate Roberts's due process rights.
 
 
 7
 Citing Beck v. Alabama, 447 U.S. 625 (1980), Roberts argues that the trial court's failure to give this second degree murder instruction put the jury to an "all-or-nothing" choice of convicting him for a crime they didn't believe him guilty of committing (first degree murder) or acquitting him. The trial court did, however, instruct on second degree murder--CALJIC 8.30, unpremeditated but intentional murder of the second degree--an instruction that Roberts requested. In Schad v. Arizona, 501 U.S. 624 (1991), the Supreme Court held that Beck 's concern with the "all-or-nothing" choice between capital murder and innocence was not implicated where the jury had a third option of finding the defendant guilty of a lesser-included noncapital offense. Id. at 646-47.
 
 
 8
 Roberts argues that Schad is distinguishable. He points to the Court's statement that it was not suggesting "that Beck would be satisfied by instructing the jury on just any lesser included offense, even one without any support in the record." Id. at 2505. There was no reason to test this limitation in Schad, however, because the defendant conceded the evidence would have supported his conviction for the lesser-included offense. Id. According to Roberts, because the jury returned "not true" findings as to all three special circumstances--each of which included a requirement of an "intentional" killing--the jury must not have believed the killing was intentional, and the evidence therefore did not support the instruction under CALJIC 8.30. We disagree.
 
 
 9
 Roberts does not contest that the evidence supported a finding of intent to kill; he points only to the jury's failure to find special circumstances that included intent as an element. For Roberts to prevail, we would have to believe "that a jury unconvinced that [Roberts] was guilty of either [first degree] or [intentional second degree] murder, but loath to acquit him completely (because it was convinced he was guilty of [malicious second degree murder], might choose [first degree] murder rather than [intentional second degree] murder as its means of keeping him off the streets." Schad, 501 U.S. at 647. The Court in Schad refused to "assume such irrationality," id., and we do too.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3